IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 2 6 2003

Robert M. March
CLERK

MIKE KASSABJI,

        Plaintiff,

vs.

SECOND JUDICIAL DISTRICT
COURT, Bernalillo County, New
Mexico,

        Defendant.

CIVIL NO. 03-1252 LFG/DJS

## MEMORANDUM OPINION AND ORDER WAIVING COSTS AND DISMISSING LAWSUIT WITH PREJUDICE

### Waiver of Filing Fee

Plaintiff Mike Kassabji ("Kassabji") seeks the Court's order authorizing him to proceed with this litigation without the payment of costs or fees. Indeed, the *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive these fees. The intent of this statute is to guarantee that "[N]o citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Kassabji submitted an Affidavit of Indigency indicating that he is living on loans, credit, donations and borrowed money. In his Application to Proceed In Forma Pauperis, he refers to his limited financial resources and states that he is unable to pay the filing fees and other costs involved in this case. While his application lacks detail concerning income, source of support, personal or

real property, indebtedness, etc., the Court will accept Kassabji's representations that he is indigent, and therefore will authorize the filing of his complaint for damages without the payment of a filing fee.

## *Sua Sponte* Analysis

While Congress removed the barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). In response to this congressional concern, courts were authorized to review and, where appropriate, to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2). Accordingly, the court may conduct a *sua sponte* review of a complaint pursuant to this section and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

Kassabji seeks an award of damages from the State "for violations of due process, prejudice, deliberately failing to perform judicial duty, and violations of constitutional/civil rights." (Complaint, ¶ 3(E)). His lawsuit arises out of an ongoing dispute before the State district court in cause CV 2002-2582. His complaint expresses dissatisfaction with the conduct of the judges assigned to the case ("[T]he judges who presided on the case acted altogether uniformly hostile toward the Plaintiff, improper in their judicial duties, in wanton manners, and with prejudice." (Complaint, ¶ 2).

2

He does not name the individual judges as defendants, but, instead, seeks to sue the State of New Mexico through its Second Judicial District Court. This is improper.

### Eleventh Amendment Immunity

Kassabji seeks damages from the State district court.[1] A state may not be sued for money damages in a federal court unless the state consents. U.S. Const. amend. XI; Hans v. Louisiana, 134 U.S. 1, 15, 10 S. Ct. 504, 507 (1890); Thompson v. Colorado, 278 F.3d 1020, 1024 (10th Cir. 2001). Kassabji fails to demonstrate anywhere on the face of the complaint that the State of New Mexico has consented to being sued for money damages in a federal court. Moreover, to the extent Kassabji seeks to bring actions for monetary damages against State officials in their official capacity, such claims are barred. Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099 (1985); Buchwald v. Univ. of N.M. Sch. of Medicine, 159 F.3d 487, 494 n. 3 (10th Cir. 1998).

Kassabji's failure to name the individual judges as defendants is likely based on judicial immunity, as he challenges judicial immunity in several sections of his complaint--"The summary judgment ruling wasn't within the law;" "This illegal behavior automatically waives immunity for judges;" "Judges are immune only to the extend [sic] where they don't deliberately violate the law." (Complaint, ¶ 3A). "The court is not immune against lawsuit in this case . . . ." (Complaint, ¶3E).

These allegations notwithstanding, judges are indeed immune for their actions in cases within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105 (1978). Judicial immunity protects judges not only from negligence, but also intentional acts as long as a judge is

---

[1] Kassabji's Complaint states, "Plaintiff is seeking from the district court in the amount of $15,000 or the amount of loss from recovering $65,000 ($40,000 the plaintiff's equity in the property, $10,000 is interest for 20 mo., $10,000 in damages, $5,000 in attorney's fees . . . ."

3

acting within his/her jurisdiction. <u>Dennis v. Sparks</u>, 449 U.S. 24, 28-29, 101 S. Ct. 183, 186 (1980); <u>Hunt v. Bennett</u>, 17 F.3d 1263, 1266 (10th Cir. 1994).

It is clear that Kassabji's present complaint arises out of his dissatisfaction with the conduct and rulings made by various State judges who heard or are hearing a case involving Mr. Kassabji. The judge or judges involved are absolutely immune, and, therefore, amending the complaint would be in act in futility. <u>Switzer v. Coan</u>, 261 F.3d 985, 989 (10th Cir. 2001).

The Court concludes that the State of New Mexico is immune from liability under 42 U.S.C. § 1983 pursuant to the Eleventh Amendment; and further finds that Kassabji's proposed complaint against the State district judges is barred under the doctrine of judicial immunity.

IT IS THEREFORE ORDERED that Kassabji is granted *in forma pauperis* status; that his complaint be filed without payment of costs or fees; and that his complaint be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

4